UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-MJ-384 (HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **ORDER OF DETENTION** |
| MONTEZ TERRIEL LEE, | ) ) |
| Defendant, | ) ) |

This matter came before the Court on June 18, 2020, for a preliminary hearing and upon the motion of the United States for an Order of Detention. The Defendant was present and represented by his attorney, Andrew S. Garvis, Esq. The United States was represented by Assistant United States Attorney Thomas Calhoun-Lopez.

Defendant Montez Terriel Lee is charged by Complaint with arson on property used in interstate commerce, in violation of 18 U.S.C. § 844(i). A preliminary hearing was held on June 18, 2020, at which time the Court concluded that probable cause exists to believe the Defendant committed the offense charged.

Before the hearing, pre-trial services interviewed the Defendant and issued a report recommending detention, finding that Defendant presented a risk of non-appearance and a danger to the community. The United States argued in support of that recommendation, relying upon the Complaint, the testimony of Special Agent Liane Sellner of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and the pretrial services report. The Court concludes that there has been a clear and convincing showing that no condition or

combination of conditions of bond will reasonably ensure the safety of the community. Accordingly, the Court will grant the Government's motion for detention.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Under 18 U.S.C. § 3142, pretrial detention may be ordered either upon a clear and convincing showing that release will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight. The Court finds that detention is justified in order to ensure the safety of the community.

The preliminary hearing established probable cause to believe that the Defendant committed the offense charged in the complaint. A rebuttable presumption therefore arises that no condition or combination of conditions will reasonably ensure the Defendant's appearance in court and the safety of the community. *See* 18 U.S.C. § 3142(e).

There is no evidence before the Court that would rebut this presumption. Furthermore, the Defendant has a criminal history that includes acts of violence. His record under court supervision includes multiple probation violations and failures to appear. He committed two crimes while he was on active supervision for a felony assault conviction. He was also under court supervision when he is alleged to have committed the instant offense.

## CONCLUSION

Based upon the evidence presented, the Court concludes that the United States has made a clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure the safety of the community. Accordingly,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of the Defendant is granted;

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the Defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: June 22, 2020                              *s/David T. Schultz*
                                                                DAVID T. SCHULTZ
                                                                United States Magistrate Judge